## Case No. 11,638.

### In re REED.

[2 N. B. R. 9 (Quarto, 2).] [1]

Circuit Court, N. D. Ohio. 1868.

BANKRUPTCY—QUESTIONS ARISING IN PROGRESS OF CASE—APPEAL.—REVIEW.

An appeal is not the proper method to take a question arising in the progress of a case in bankruptcy into the circuit court; it should be by a petition addressed to the circuit court, stating clearly and specifically the point or question decided in the district court; that the petitioner is aggrieved thereby, and praying the circuit court to review and reverse the decision of the court below.

[Cited in Littlefield v. Delaware & H. Canal Co., Case No. 8,400.]

This case came into the circuit court upon an appeal from the district court. [Case unreported.] The district court had decided that the opposing creditor could not properly file objections to the final discharge of the bankrupt, until he had proven his debt. The question is now upon a motion to dismiss the appeal.

HELD BY THE COURT (SWAYNE, Circuit Justice, and SHERMAN, District Judge) that appeal is not the proper method to take a question arising in the progress of a case in bankruptcy into the circuit court. That an appeal upon such a question is not provided for by the bankrupt act. That the only way that the circuit court can exercise its supervisory jurisdiction in such cases, is by a petition addressed to the circuit court, stating clearly and specifically the point or question decided in the district court; that the petitioner is aggrieved thereby, and praying the circuit court to review and reverse the decision of the court below. When the adverse party was duly notified of the pendency and prayer of the petition, and of the day assigned for the hearing, the circuit court would immediately hear and decide the case and send its decision to the district court for such further action as it should direct; that the bankrupt act should be construed liberally, and every facility should be given by the courts to facilitate and simplify the proceedings under it; that the circuit court would hear and act on such petitions, in chambers or elsewhere.

## Case No. 11,639.

### In re REED.

[12 N. B. R. 390; 1 N. Y. Wkly. Dig. 100.] [2]

District Court, D. Massachusetts. 1875.

BANKRUPTCY—BOOKS OF ACCOUNT—INVOICE-BOOK.

A retail dealer in groceries who keeps no invoice-book. but keeps all his invoice-bills carefully together. so that a complete account of all goods received by him can be made out from

1 [Reprinted by permission.]

2 [Reprinted from 12 N. B. R. 390, by permission. 7 N. Y. Wkly. Dig. 100, contains only a partial report.]

them (the other customary books being also kept), keeps proper books of account. The question of book-keeping is a question of fact in each case.

[Cited in Re Graves, 24 Fed. 554.]

[Cited in Re Howard, 59 Vt. 594, 10 Atl. 719.]

[This was a petition for discharge, by J. K. P. Reed, a bankrupt.]

J. L. Nichols and George W. Searle, for objecting creditors.

L. B. Thompson and E. T. Luce, for bankrupt.

LOWELL, District Judge. I do not find that the objecting creditors have made out that the bankrupt concealed money from the assignee. There are many cases in which it is somewhat difficult to understand what has become of the property the bankrupt has had, or has represented himself to have, not long before the bankruptcy. In some instances the suspicious circumstances may be so strong as to authorize the court to find a concealment of money, or property had been recently turned into money. But such a case is not made out here. With regard to books of account, the objection is that the defendant kept no invoice-book. The business was that of a wholesale dealer in liquors, and a retail dealer in groceries, the former being the larger. In that business, he was obliged by a law of the United States to keep, and did keep, an invoice-book; in his retail grocery business he kept none; but he testifies that he kept all his invoices carefully together, and that a complete account of all goods received by him can be made out from those files. It was in evidence that retail grocers do not usually keep an invoice-book. The question of book-keeping is a question of fact in each case, and depending somewhat upon the nature and account of the business, and other circumstances. There are tradesmen who could hardly be expected to keep any items of their business; for instance, peddlers, and retail sellers of liquor by the glass, etc. Upon the whole, I think the objection is not made out. Discharge granted.